UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Kenneth Whitmore, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | C/A No. 6:12-1049-JMC-KFM |
| vs. | ) ) ) | **REPORT AND RECOMMENDATION** |
| Jonathan Ard; James L. Goldsmith, Jr.; Mitchell Byrd, Jr.; and Edward W. Miller, | ) ) ) ) | |
| Defendants. | ) | |

## Background

This *pro se* Plaintiff, who is incarcerated at the Tyger River Correctional Institution, brings a civil action pursuant to 42 U.S.C. § 1983. The South Carolina Department of Corrections ("SCDC") website reveals that he was convicted in 2008 in Greenville County, and he is now serving a 15-year sentence for armed robbery.[1] *See* SCDC, https://sword.doc.state.sc.us/scdc-public/ (enter the SCDC ID number "227057") (last visited May 15, 2012). Plaintiff sues the attorney who represented him during the criminal proceeding, the prosecuting attorney, the trial judge, and a police officer who investigated the criminal charges, and he alleges a conspiracy among the defendants to wrongfully convict him. Compl. 3–5. Plaintiff alleges he was falsely arrested and maliciously prosecuted, and he is now serving a sentence for a crime he did not commit. *Id.* at 3–6.

---

[1] The Court may take judicial notice of factual information located in postings on government websites. *See Williams v. Long*, 585 F. Supp. 2d 679, 687-88 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating); *Tisdale v. South Carolina Highway Patrol*, C/A No. 0:09-1009-HFF-PJG, 2009 WL 1491409, *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir. Aug. 27, 2009).

Plaintiff alleges Jonathan Ard, a police officer, did not have a search warrant when he searched Plaintiff's home and vehicle. He further alleges Officer Ard charged Plaintiff with a weapon even though there was no report of a weapon, and Ard allegedly made a false statement in an affidavit about the amount of money when the victim and court did not know the amount. *Id.* at 3. Plaintiff alleges James Goldsmith, Jr., represented him during the criminal proceedings and provided ineffective assistance of counsel by failing to request a preliminary hearing, refusing to investigate alibi witnesses, and meeting with Plaintiff and his now ex-wife only the day before trial. *Id.* at 3–4. Plaintiff alleges Mitchell Byrd, Jr., the prosecuting attorney, obtained an indictment against Plaintiff without presenting any evidence to the grand jury, charged Plaintiff with a weapon even though there was no evidence of one, and called a witness to testify at trial who committed perjury because he was an illegal immigrant but did not disclose this to the jury. *Id.* at 4–5. Plaintiff alleges that Edward W. Miller, a state judge, presided over the criminal trial even though he knew the case had no merit and permitted a procedural constitutional violation by allowing the pretrial motions hearing to be held immediately before the trial. *Id.* at 5.

Plaintiff alleges he has maintained his innocence. *Id.* at 5. For his relief, Plaintiff requests damages, for this Court to vacate his conviction and sentence and order his immediate release, expungement of his record, lost wages, an apartment and vehicle, and restoration of his former job. *Id.* at 6.

## **Discussion**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review this Complaint for relief and

submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private

3

right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S.Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff alleges James Goldsmith was his attorney during the state criminal proceedings, but Plaintiff does not allege whether Goldsmith was a public defender, court-appointed, or retained. Regardless, Goldsmith should be summarily dismissed from this action because he did not act under color of state law. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender). *Cf. Vermont v. Brillon*, 129 S.Ct. 1283, 1291 (2009) (noting that assigned counsel for a criminal defendant is not ordinarily considered a state actor).

In *Hall*, the district court had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. Although affirming the district court's order, the Court of Appeals indicated that lower courts should first determine whether state action occurred:

> [I]mmunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential

> preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

*Hall*, 631 F.2d at 1155 (citations omitted). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). Therefore, because Plaintiff fails to state a claim on which relief may be granted against Goldsmith pursuant to § 1983, he should be dismissed.

Judge Edward W. Miller should be dismissed from this action based on the doctrine of judicial immunity. It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978). Whether an act is judicial or nonjudicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12. Immunity applies even when the judge's acts were in error, malicious, or in excess of his authority. *Id.* at 12-13. Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Here, Plaintiff's allegations against Miller relate to his allegedly erroneous rulings during the pre-trial hearing and the trial, which are considered judicial actions. Thus, Miller should be dismissed from this suit based on judicial immunity.

Similarly, Mitchell Byrd, Jr., the prosecuting attorney, should be dismissed from this action based on the doctrine of prosecutorial immunity. In South Carolina,

regional prosecutors are called Solicitors and Assistant Solicitors. Solicitors are elected by voters of a judicial circuit. *See* S.C. Const. art. V, § 24 and S.C. Code Ann. § 1-7-310. Prosecutors, including Byrd, have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341–45 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. *Id.*; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). Defendant Byrd's alleged wrongful conduct relates to his conduct in the grand jury proceedings and his failure to disclose evidence prior to and during trial. Such conduct was intricately related to the judicial process and to the prosecution of the State's case against Plaintiff. Therefore, Byrd should be dismissed based on prosecutorial immunity from suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

As to Plaintiff's claims against Officer Jonathan Ard for violating Plaintiff's constitutional rights during the arrest and search, falsifying evidence, and wrongfully helping to secure his conviction, this action is premature because Plaintiff has not alleged that his conviction has been invalidated or reversed. Plaintiff's claims do not accrue until his conviction previously has been invalidated, for example, by a state court or a federal court's issuance of a writ of habeas corpus. In *Heck v. Humphrey*, 512 U.S. 477 (1994),

the Supreme Court held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. *See also Edwards v. Balisock*, 520 U.S. 641 (1997) (the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgment). A favorable determination on the merits of Plaintiff's claims in this § 1983 action would imply that Plaintiff's criminal conviction was invalid. The Supreme Court stated that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008). Because Plaintiff has not demonstrated or alleged that he has successfully challenged the lawfulness of his state court conviction, his claim that his constitutional rights were violated during the criminal proceedings should be dismissed because a right of action has not accrued.[2]

---

[2] Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. *See Morris v. Cardillo*, C/A No. 0:10-443-JFA-

7

Lastly, although Plaintiff requests release from prison and the dismissal of his criminal conviction and sentence, release from prison is not available in this civil rights action. *See Heck,* 512 U.S. at 481 (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"). *Cf. Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus). With respect to invalidating his conviction and sentence, Plaintiff's federal remedy is a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (noting that a "state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process'").

## Recommendation

Based on the foregoing, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice*. Plaintiff's attention is directed to the important notice on the next page.

May 15, 2012                                                        s/ Kevin F. McDonald
Greenville, South Carolina                         United States Magistrate Judge

---

PJG, 2010 WL 2722997, at *2 (D.S.C. April 15, 2010), *adopted by* 2010 WL 2722992 (D.S.C. July 9, 2010).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).