IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Kenneth Whitmore, | ) |
|               Plaintiff, | ) Civil Action No.: 6-12-cv-01049-JMC |
| v. | ) **OPINION AND ORDER** |
| Jonathan Ard; James L. Goldsmith, Jr.; Mitchell Byrd, Jr.; and Edward W. Miller, | ) |
|               Defendants. | ) |

This matter is now before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 15], filed on May 15, 2012, recommending that Plaintiff Kenneth Whitmore's ("Plaintiff") Complaint [Dkt. No. 1] alleging various causes of action under 42 U.S.C. § 1983 be dismissed without prejudice and without issuance and service of process. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, which the court incorporates herein without a recitation.

**STANDARD OF REVIEW**

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject,

or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

Plaintiff, an inmate serving a fifteen (15) year sentence for armed robbery, brought suit under 42 U.S.C. § 1983 against the investigating police officer, the public defender assigned to his case, the solicitor who prosecuted the case, and the trial judge who heard the case, alleging all four conspired to maliciously prosecute and imprison him. The Magistrate Judge recommended that Plaintiff's complaint be dismissed without prejudice.

Plaintiff timely filed objections [Dkt. No. 18] to the Magistrate Judge's Report. Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See *United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review of Plaintiff's objections, the court finds that his lengthy objections are unspecific, unrelated to the dispositive portions of the Magistrate Judge's Report and merely restatements of his original claims. The court nevertheless briefly addresses Plaintiff's claims.

First, Plaintiff claims that Judge Miller violated his constitutional rights by allowing a motions hearing to be held immediately before trial and by allowing a

meritless case to proceed. The Magistrate Judge recommended that Judge Miller be summarily dismissed from the suit on the grounds of judicial immunity. Courts have long recognized that judges sued in § 1983 actions are immune from liability for exercising their judicial discretion unless they act in the absence of all jurisdiction. *Mireless v. Waco*, 502 U.S. 9, 11 (1991). The acts about which Plaintiff complains are clearly matters of judicial discretion. Further, Plaintiff fails to specifically challenge the Magistrate Judge's determination that Judge Miller is immune from suit. For this reason, this court accepts the Magistrate Judge's recommendation that Judge Miller be dismissed from this suit.

Plaintiff also alleges that the prosecuting attorney, Mitchell Byrd, violated his constitutional rights by obtaining an indictment against Plaintiff without presenting any evidence to the grand jury, by charging Plaintiff with possessing a weapon even though there was no evidence of one, and by failing to disclose to the jury that the witness testifying against Plaintiff had allegedly committed perjury by not revealing his status as an illegal immigrant. The Magistrate Judge recommended that Byrd be dismissed from the suit on the grounds of prosecutorial immunity. Prosecutors enjoy absolute immunity for actions taken while performing functions that are "intimately associated with the judicial phase of the criminal process" though not for non-prosecutorial functions like administrative or investigative tasks. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 342, (2009) (quoting *Imbler v. Pachman*, 424 U.S. 409, 430 (1976)). The actions taken by Byrd about which Plaintiff complains are clearly associated with the judicial phase of the criminal process. Further, Plaintiff fails to challenge the Magistrate Judge's determination that Byrd is immune from suit. For this reason, the court accepts the

Magistrate Judge's recommendation that Byrd be dismissed from this case.

Plaintiff also claims that his appointed public defender, James Goldsmith, violated his constitutional rights by failing to effectively challenge the warrantless search of Plaintiff's home. The Magistrate Judge found that Plaintiff failed to state a claim under § 1983 because a public defender, even though appointed by the state, does not act under the color of state law so long as he is performing his traditional functions as counsel to the person he is representing.[1]  *See Polk Cnty. v. Dodson*, 454 U.S. 312 (1981). Plaintiff fails to allege that Plaintiff was acting outside of his role as advocate, even if he believes that counsel was inadequate. For this reason, the court accepts the Magistrate Judge's recommendation that Goldsmith be dismissed from this action.

Finally, Plaintiff claims that police officer Jonathan Ard is liable for violations of his constitutional rights as a result of searching Plaintiff's home without a warrant, charging Plaintiff with having a weapon when there was no report of a weapon, and making false statements in an affidavit as to the amount of money allegedly stolen in the robbery. The Magistrate Judge found Plaintiff's claim were premature because to recover under § 1983, the plaintiff must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Nothing in the record suggests that Plaintiff has challenged these alleged constitutional violations, much less succeeded in doing so. Therefore, the court accepts

---

[1] To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

the Magistrate Judge's recommendation that Plaintiff's claim against Officer Ard be dismissed.

## CONCLUSION

For the following reasons, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 15] and **DISMISSES** Plaintiff's Complaint [Dkt. No. 1] without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 23, 2012
Greenville, South Carolina